UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHERMAN,                                        Civil Action No.: 1:24-cv-8494-GHW

    *Plaintiff*

vs.

THALIA GRAVES *and*
GLORIA ALLRED

    *Defendants*

## AMENDED COMPLAINT

Plaintiff, Joseph Sherman, by and through his attorney, Darnell D. Crosland, Esq. sues Defendants, Thalia Graves and Gloria Allred, Esq. for Defamation, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Negligence, Vexatious Litigation, Abuse of Process, and Malicious Prosecution, seeking compensatory and punitive damages, along with other appropriate relief, and hereby makes the following allegations against the Defendants:

### INTRODUCTION

1.    On September 24, 2024, the above named Defendants sued and went on a media tour touting, claiming, publishing, stating and telling the whole world (*without any proof*), that Joseph Sherman "viciously raped" Thalia Graves in 2001 while he was working for Sean Combs *aka* P. Diddy.[1]

2.    The Defendants made outrageous, disgusting, and life altering statements and publishings about the Plaintiff without *any* regard for the truth.

---

[1] *See*, *e.g.*, Complaint at ¶ 1 (Dkt. # 1:24-cv-07201, SDNY)

1

3. These disgusting and outrageous statements could not be further from the truth.

4. Joseph Sherman has never met Thalia Graves, let alone raped her.

5. Joseph Sherman did not work for Sean Combs in 2001. He stopped working for him three years prior to that – in 1999.

6. And if accusing the wrong man of rape was not bad enough, Thaila Graves wrote to Joseph Sherman (*after* her and her team of lawyers had *already* sued him) in what can only be seen as an attempt to blackmail him into providing false testimony against Sean Combs, when she wrote, in relevant part, "*if you will be my witness against Diddy, then my attorneys will leave you out of any proceedings …*" and going on to promise him "*I will make sure the state does not pick up charges or rape charges against you.*"[2]

7. In other words, Thaila Graves and her team of lawyers promise to not destroy Joseph Sherman's life with lies – so long as he serves as their witness against Sean Combs *aka* P. Diddy.

## JURISDICTION & VENUE

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and all the parties are diverse from one another.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because a substantial part of the acts forming the basis of this Complaint occurred in this District.

---

[2] *See* Exhibit A (Instagram Text Messages from Thalia Graves to Joseph Sherman starting November 29, 2023)

**PARTIES**

11. Plaintiff, **JOSEPH SHERMAN**, is and was, at all times material hereto, a resident of New Jersey, over the age of eighteen (18) years, and is otherwise *sui juris*.

12. Defendant, **THALIA GRAVES**, is and was, at all times material hereto, a resident of Harris County, Texas, over the age of eighteen (18) years, and is otherwise *sui juris*.

13. Defendant, **GLORIA ALLRED**, is and was, at all times material hereto, a resident of California, over the age of eighteen (18) years, and is otherwise *sui juris*.

**GENERAL ALLEGATIONS**

14. On or about September 24, 2024, the Defendants filed a lawsuit against Plaintiff, Joseph Sherman, in the Southern District of New York, Dkt. No. 1:24-cv-07201, alleging, among other things, that Plaintiff raped Thalia Graves at Bad Boy Records Studio in 2001.

15. Defendants also stated that Plaintiff was acting as a bodyguard for Sean Combs, also known as "Puff Daddy" or "P. Diddy," at the time of the alleged incident, and that both Plaintiff and Mr. Combs engaged in sexual misconduct towards her.

16. Defendants then stated "Combs and the Plaintiff gave [Thalia Graves] a drink, likely laced with a drug" and that "[s]he awoke to find herself bound and restrained" and being "brutally sexually abuse[d] and violate[d]."

17. Defendants also stated on or around November 27, 2023, "she learned" that "Combs and Sherman had video-recorded the horrific rape."

18. The above mentioned statements, along with all those asserted by Defendants in the Complaint (Dkt. No. 24-cv-7201), and all those that Defendants put forth in the media, *e.g.*, on CNN, against Sherman are utterly and entirely false.

19. The Plaintiff has never met the Defendant, never engaged any sexual or non-consensual physical interaction with her, and did not participate in the events alleged.

20. Any video that Thalia Graves claims she "learned" of absolutely does not show the Plaintiff Joseph Sherman in it.

21. In fact, the Plaintiff, Joseph Sherman, stopped working for Sean Combs *aka* "P.Diddy" in 1999 – and this is the last time he was even in the same room as him.

22. Simply put, there is no possible way that the Plaintiff Joseph Sherman, touched, taped, or had anything to do with Thalia Graves.

23. Indeed, Plaintiff, Joseph Sherman, was a *persona non grata* at Bad Boy Records, and anything Sean Combs related having left Combs' employ in 1999 to work in association with a direct competitor – Def Jam records.

24. Plainly said, the Plaintiff, Joseph Sherman, was not even allowed into Bad Boy records studios or near Sean Combs after 1999. Consequently, he could not have videotaped or raped Thalia Graves

25. On or about November 29, 2023, Defendant, Thalia Graves, contacted Plaintiff *via* Instagram Direct Message, stating, "If you will be my witness against Diddy, then my attorneys will leave you out of any proceedings . . . I will make sure that the state does not pick up charges or rape charges against you."

26. In her communication with Plaintiff, Defendant, Thalia Graves, never accused Plaintiff of any rape or sexual assault but instead sought to persuade Plaintiff, Joseph Sherman, to serve as her witness against Mr. Combs. These statements imply that Defendant, Thalia Graves, is aware that Plaintiff, Joseph Sherman, is innocent of any alleged sexual assault but is attempting to leverage baseless allegations as part of her broader litigation strategy.

27.     Graves' lawsuit and subsequent communications constitutes a calculated and malicious attempt to defame Plaintiff by making knowingly false accusations with the intent of coercing Plaintiff, Joseph Sherman, into supporting Defendant's separate legal action against Mr. Combs.

28.     For example, Defendant, Gloria Allred had an opportunity to mitigate the damages of her Defamatory lawsuit filed against, Plaintiff, Joseph Sherman, when she received a call from famed journalist, Sarah Wallace, of NBC, at which time Wallace shared with her instagram messages written from her client, Thalia Graves, to Plaintiff, Joseph Sherman, asking him: "If you will be my witness against Diddy, then my attorneys will leave you out of any proceedings . . . I will make sure that the state does not pick up charges or rape charges against you."  Instead of investigating or performing due diligence, Allred arrogantly wrote back in an email on September 30, 2024 at 4:46 p.m. "The complaint speaks for itself.  Our client looks forward to her day in court."

29.     Instead of seeking the truth out, verifying facts, and bringing justice for women who were *actually* raped, the Defendants here have set women's rights back, and at the same time victimized Joseph Sherman turning his life upside and ruining it with these salacious lies.

30.     As a result of Defendants' defamatory statements, Plaintiff has suffered and continues to suffer severe reputational harm, emotional distress, and financial damages, including, but not limited to, the costs of defending against Defendant's meritless allegations.

## COUNT 1 - DEFAMATION

### *Against all Defendants*

31.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Defendants' statements, in the legal filing, through media, and her direct communications with Plaintiff and others falsely and maliciously claim that the Plaintiff, Joseph Sherman, committed heinous crimes, including, but not limited to, rape and sexual assault, thereby damaging Plaintiff's reputation and causing harm to his standing in the community, his professional reputation, and his personal relationships.

33. Defendants made these statements with knowledge of their falsity or with reckless disregard for the truth.

34. Defendants' defamatory statements were made with malice, as demonstrated by the communications with the Plaintiff that clearly sought to coerce him into acting as their witness against Mr. Combs by threatening him with unfounded criminal allegations.

35. As a direct and proximate result of the defamatory conduct alleged herein, the Plaintiff has substantially and irreparably been damaged in excess of $75,000.

36. Plaintiff has suffered significant damages as a direct and proximate result of Defendant's defamatory statements, including several emotional distress, damages to his personal and professional reputation, and financial harm, all in an amount to be proven at trial.

**COUNT 2 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

*Against all Defendants*

37. Plaintiff incorporates by reference paragraphs 1 - 30 as if fully set forth herein.

38. Under New York law, a plaintiff may recover for negligent infliction of emotional distress when a defendant's conduct unreasonably endangers the plaintiff's physical safety or causes emotional distress that results in physical manifestations.

39. Defendants owed a duty to the Plaintiff, Joseph Sherman, to verify the truth, perform due diligence, and act with reasonable care before making statements and allegations such as rape, against the Plaintiff.

40. Defendants breached this duty of care by recklessly filing a baseless lawsuit and making false statements in the lawsuit and in the media that the Plaintiff committed heinous acts, including rape.

41. Had the Defendants done any due diligence, acted with reasonable care first, and verified the veracity of such statements the Defendants knew or should have known that such statements were utterly false and untrue.

42. Defendants' reckless and negligent conduct created an unreasonable risk of causing severe emotional distress to the Plaintiff.

43. As a direct and proximate result of Defendants' negligent and reckless actions, Plaintiff has suffered severe emotional distress, including, but not limited to, anxiety, embarrassment, humiliation, and anguish, all of which have manifested in physical symptoms such as insomnia, depression, anxiety, vomiting, headaches, and other health complications.

44. Plaintiff has incurred damages as a result of Defendant's conduct and seeks compensation for the physical and emotional harm caused by Defendant's negligent actions.

## COUNT 3 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*Against all Defendants*

45. Plaintiff incorporates by reference paragraphs 1 - 30 as if fully set forth herein.

46. Under New York law, a plaintiff may recover for intentional infliction of emotional distress if the defendant's conduct is so extreme and outrageous that it transcends all bounds of decency.

47. Defendants engaged in extreme and outrageous conduct by falsely accusing Plaintiff of rape and other heinous crimes, fully aware that such allegations were baseless and/or without verifying any such allegations and knowing such allegations are likely to inflict severe emotional distress.

48. Defendants' actions were intentionally calculated to harm Plaintiff's reputation, career, and personal life, causing Plaintiff to experience severe emotional distress.

49. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from severe emotional distress, including, but not limited to, anxiety, mental anguish, loss of reputation, and physical manifestations of distress, such as insomnia, depression, anxiety, vomiting, headaches, and other health complications.

50. Plaintiff seeks compensatory and punitive damages due to Defendants' intentional and malicious actions.

### COUNT 4 - NEGLIGENCE

*Against all Defendants*

51. Plaintiff incorporates by reference paragraphs 1 - 30 as if fully set forth herein.

52. Defendants owed a duty of care to Plaintiff, including a duty to verify allegations and statements of rape and sexual assault before publicly making serious and damaging accusations of criminal conduct.

53. Defendants breached this duty by negligently and recklessly publishing and pursuing false claims that Plaintiff committed serious criminal acts, knowing these claims to be unsupported and inaccurate.

54. Defendants' negligent conduct caused Plaintiff to suffer reputational harm, emotional distress, and financial losses.

55. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred damages, including costs related to defending against these baseless accusations, and seeks compensatory damages.

### COUNT 5 - VEXATIOUS LITIGATION

*Against all Defendants*

56. Plaintiff incorporates by reference paragraphs 1 - 30 as if fully set forth herein.

57. Defendants initiated legal proceedings against Plaintiff with malicious intent, knowing the allegations were baseless and without probable cause.

58. Defendants engaged in this litigation with the intent to harass and coerce Plaintiff into providing favorable testimony against a third party, Sean Combs, as part of their broader strategy.

59. Defendants' conduct constitutes vexatious litigation, causing Plaintiff undue harm and distress, along with significant financial losses related to defending against these baseless claims.

60. Plaintiff seeks compensatory and punitive damages to deter Defendants from engaging in future frivolous and malicious litigation.

### COUNT 6 - ABUSE OF PROCESS

*Against all Defendants*

61. Plaintiff incorporates by reference paragraphs 1 - 30 as if fully set forth herein.

62. Defendants utilized legal process, including filing a baseless lawsuit, not for its intended purpose but to exert pressure on Plaintiff to cooperate in litigation against a third party.

63. Defendants' use of process in this manner constitutes an abuse of process, as they used legal mechanisms to threaten and coerce Plaintiff with the intention of achieving unrelated goals.

64. As a result of Defendants' abuse of process, Plaintiff suffered damages, including reputational harm, emotional distress, and financial harm from defending against this meritless action.

65. Plaintiff seeks compensatory and punitive damages as a result of Defendants' abuse of process.

### COUNT 7 - MALICIOUS PROSECUTION

*Against all Defendants*

66. Plaintiff incorporates by reference paragraphs 1 - 30 as if fully set forth herein.

67. Defendants initiated and pursued a legal proceeding against Plaintiff without probable cause, with full knowledge that the allegations were baseless and intended to harm Plaintiff.

68. Defendants acted with malice, filing claims against Plaintiff solely to damage his reputation, cause him emotional harm, and achieve leverage in an unrelated case.

69. Defendants' malicious prosecution caused Plaintiff significant reputational and financial harm, emotional distress, and mental anguish.

70. As a result, Plaintiff is entitled to compensatory and punitive damages for Defendants' malicious prosecution.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Joseph Sherman, respectfully requests that this Court grant the following relief:

a. Compensatory damages, in an amount to be determined at trial;

b. Punitive damages in an amount sufficient to deter Defendants from engaging in similar reckless misconduct in the future;

c. Costs, expenses, and attorneys' fees incurred in this action;

d. Any other relief the Court deems just and proper

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

THE PLAINTIFF:

JOSEPH SHERMAN

By his lawyer:

_____
Darnell D. Crosland, Esq.
CROSLAND LAW GROUP LLC
1200 Summer Street, Ste 202
Stamford, Connecticut 06905
Tel. (203) 921-1782
Fax (203) 921-1223

Dated: December 6, 2024

## **CERTIFICATION**

I HEREBY CERTIFY that on December 6, 2024, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filling will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted by:

_____

Darnell D. Crosland, Esq.
Crosland Law Group LLC
1200 Summer Street, Ste 202
Stamford, Connecticut 06905
Tel. (203) 921-1782
Fax (203) 921-1223
