```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JOSEPH SHERMAN,

                      Plaintiff,

-against-

THALIA GRAVES and
GLORIA ALLRED,

                      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/2/2025
```

24 Civ. 8494 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Joseph Sherman, brings this action against Defendants, Thalia Graves and Gloria Allred, alleging claims of defamation, negligent and intentional infliction of emotional distress, negligence, vexatious litigation, abuse of process, and malicious prosecution, all in connection with Graves' earlier action against Sherman. *See generally* Am. Compl., ECF No. 12. Defendants move to dismiss the complaint and sanction Sherman and his counsel. MTD Mem., ECF No. 24; Sanctions Mem., ECF No. 26. For the reasons stated below, the motion to dismiss is GRANTED, and the motion for sanctions is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

    On September 24, 2024, Graves, represented by Allred and other counsel, filed an action in this District against Sherman and Sean Combs (the "First Action") alleging that, in 2001, Sherman and Combs raped Graves, recorded the assault on video, and disseminated the video.[1] *See generally* Compl., *Graves v. Combs*, No. 24 Civ. 7201 (S.D.N.Y. Sept. 24, 2024), ECF No. 1. In the First Action, Graves brings claims for gender-motivated violence under the

---

[1] Graves also named several organizational defendants but has since dismissed her claims against them. ECF No. 48 in *Graves v. Combs*, 24 Civ. 7201.

Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code § 10-1101 *et seq*.; unlawful dissemination of an intimate image under New York Civil Rights Law § 52-b; and unlawful disclosure of an intimate image under New York City Administrative Code § 10-180. *See* Am. Compl., *Graves v. Combs*, No. 24 Civ. 7201 (S.D.N.Y. Jan. 17, 2025), ECF No. 47 ¶¶ 60–88. The First Action is pending.

Less than two months after Graves filed the First Action, Sherman brought this action, alleging that Graves and her attorneys falsely and maliciously filed the First Action against him. *See generally* ECF No. 1. On December 6, 2024, Sherman amended his complaint, alleging (1) defamation, (2) negligent infliction of emotional distress, (3) intentional infliction of emotional distress, (4) negligence, (5) vexatious litigation, (6) abuse of process, and (7) malicious prosecution. Am. Compl. ¶¶ 31–70.

Before the Court are Defendants' motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and to sanction Sherman and his counsel, Darnell Crosland, under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power. *See generally* MTD Mem.; Sanctions Mem.; *see also* MTD Opp., ECF No. 35; Sanctions Opp., ECF No. 36; MTD Reply, ECF No. 37; Sanctions Reply, ECF No. 38.

**LEGAL STANDARD**

I. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a plaintiff need not provide "detailed factual allegations," he must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

2

will not do." *Twombly*, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. In conducting its analysis, a court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the nonmovant's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

II.     Rule 11, § 1927, and the Court's Inherent Power

Rule 11 "authorizes a court, after notice and a reasonable opportunity to respond, to impose appropriate sanctions upon a party, its attorney, or both, for violating [their] obligations to the court as set forth" by the Rule. *Forbes v. NAMS Int'l, Inc.*, No. 07 Civ. 39, 2007 WL 1814656, at *5 (N.D.N.Y. June 21, 2007); Fed. R. Civ. P. 11(c). Under Rule 11, attorneys have a duty to "undertake reasonable inquiry to ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (citation omitted); Fed. R. Civ. P. 11(b)(1)–(4) (noting, *inter alia*, that "[b]y presenting to the court a pleading," an attorney certifies that, after "an inquiry reasonable under the circumstances," the pleading "is not being presented for any improper purpose," the "claims, defenses, and other legal contentions are warranted by existing law," the "factual contentions have evidentiary support," and "the denials of factual contentions are warranted on the evidence").

The "standard for triggering [sanctions] under Rule 11 is objective unreasonableness." *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000). "An action is objectively unreasonable such that Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that the claim was groundless." *Cameau v. Nat'l Recovery Agency, Inc.*, No. 15 Civ. 2861, 2018 WL 4853050, at *2 (E.D.N.Y. Sept. 28, 2018) (alteration adopted) (citation omitted); *see also O'Malley v. N.Y.C. Transit Auth.*,

3

896 F.2d 704, 709 (2d Cir.1990) ("[C]ontinuing to press an obviously meritless lawsuit does tend to indicate bad faith and further supports the imposition of a [R]ule 11 sanction."). If a court determines that sanctions are appropriate, such sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To "impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).

## DISCUSSION

I.    Motion to Dismiss

    A. Defamation

Sherman's first claim is for defamation. He alleges that Graves' statements "in [her complaint], through media, and [in] her direct communications with [Sherman] and others falsely and maliciously claim that . . . Sherman[] committed heinous crimes, including, but not limited to, rape and sexual assault, thereby damaging [Sherman's] reputation." Am. Compl. ¶ 32.

"Defamation is the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 517 (S.D.N.Y. 2013) (citation omitted). To state a claim for defamation under New York law, a

4

plaintiff must show "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." *Harding v. Dorilton Cap. Advisors LLC*, 635 F. Supp. 3d 286, 306 (S.D.N.Y. 2022) (citation omitted). A defamation claim "is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated." *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (citation omitted).

New York law recognizes an "absolute privilege" that "prohibits defamation claims arising out of statements made in litigation if, by any view or under any circumstances, [the statements] may be considered pertinent to the litigation." *Lue v. JPMorgan Chase & Co.*, No. 19 Civ. 9784, 2021 WL 1108558, at *4 (S.D.N.Y. Mar. 23, 2021) (citation omitted). "The test of pertinency is extremely broad, and the privilege embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Id*. (citation omitted). This absolute privilege "protect[s] the public interest in encouraging participants in litigation to speak with [the] free and open mind which the administration of justice demands." *Id*. at *5 (citation omitted).

Sherman fails to state a defamation claim. First, any allegedly defamatory statements made by Graves in her complaint are absolutely privileged. *See Evans v. Waldo*, No. 04 Civ. 566, 2006 WL 2689819, at *3 (E.D.N.Y. Sept. 18, 2006). Sherman identifies no statements made by Graves that are unrelated or irrelevant to the First Action. The statements he does identify—Graves' allegations that Sherman and Combs raped her and recorded the assault on video, and that Sherman was Combs' bodyguard at the time of the incident—are "relevant [and]

5

pertinent" to Graves' sexual assault claims and are, therefore, absolutely privileged from a defamation claim. *Lue*, 2021 WL 1108558, at *4 (citation omitted); Am. Compl. ¶¶ 14–24; *see Evans*, 2006 WL 2689819, at *3 ("[A]ny alleged defamatory statements relate directly to plaintiff's sexual harassment complaint and, thus, are absolutely privileged.").

Second, Sherman's assertions concerning Defendants' alleged media statements are also insufficient to state a claim for defamation. Citing Graves' complaint, Sherman alleges that Defendants "sued and went on a media tour touting, claiming, publishing, stating and telling the whole world (*without any proof*)," that Sherman raped Graves in 2001. Am. Compl. ¶ 1. Sherman further alleges that the statements "Defendants put forth in the media, *e.g.*, on CNN, against [him] are utterly and entirely false." *Id.* ¶ 18. His complaint, however, does not identify the "purported [media] communication[s]," "when [they were] made," or "to [whom they were] communicated." *Thai*, 726 F. Supp. 2d at 329 (citation omitted). Accordingly, Sherman's allegations as to Defendants' purported media statements fail to state a defamation claim. *See Mehrhoff v. William Floyd Union Free Sch. Dist.*, No. 04 Civ. 3850, 2007 WL 4591741, at *5 (E.D.N.Y. Dec. 28, 2007) (dismissing defamation claim when complaint "d[id] not provide the substance of the alleged defamatory comments, nor d[id] it mention when [they were] made or to whom [they were] communicated").

Third, Sherman's allegations as to Graves' "direct communications" with him also fail to state a defamation claim. Am. Compl. ¶ 32. Sherman alleges that, on or about November 29, 2023, Graves messaged him via Instagram, stating, "If you will be my witness against [Combs], then my attorneys will leave you out of any proceedings . . . [and] I will make sure that the state does not pick up charges or rape charges against you." *Id.* ¶ 25; *see generally* ECF No. 1-1. Graves' alleged message to Sherman is irrelevant to the Court's inquiry, however, because to

6

state a defamation claim, a plaintiff must identify a statement that was "published to a third party." *Harding*, 635 F. Supp. 3d at 306 (citation omitted).

Sherman's defamation claim is, therefore, dismissed.

### B. Negligence and Negligent Infliction of Emotional Distress

Next, Sherman brings claims for negligence and negligent infliction of emotional distress, alleging that Defendants owed him a duty to "verify" Graves' allegations and that they breached that duty by recklessly filing the First Action. *See* Am. Compl. ¶¶ 37–44, 51–55.

"Any claim sounding in negligence under New York law, including negligent infliction of emotional distress, must be based in the breach of a legally cognizable duty of care." *Chai v. NYU*, No. 23 Civ. 9192, 2024 WL 4042468, at *12 (S.D.N.Y. Sept. 4, 2024). The duty must be "specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996); *see Allstate Ins. Co. ex rel. Lothridge v. Gonyo*, No. 07 Civ. 1011, 2009 WL 962698, at *4 (N.D.N.Y. Apr. 8, 2009) (stating that, "[i]n order to prevail on a theory of negligence, a plaintiff must show that the defendant owed a duty of care specifically to him"); *Shumate v. McNiff*, No. 88 Civ. 6820, 1990 WL 6549, at *8 (S.D.N.Y. Jan. 23, 1990) ("In order to properly allege a negligence claim, plaintiffs must sufficiently identify a duty owed by defendants to plaintiffs.").

Sherman's complaint alleges only that Defendants owed him a duty to "verify the truth" before filing the First Action. Am. Compl. ¶¶ 39, 52. Such conclusory assertion aside, Sherman fails to allege any facts from which to plausibly infer the existence of a duty owed to him by Graves and Allred. *See Gonyo*, 2009 WL 962698, at *4; *see also Baldeo v. Airbnb, Inc.*, No. 20 Civ. 7771, 2023 WL 7689652, at *8 (S.D.N.Y. Sept. 29, 2023) (recommending dismissal of negligence claim where plaintiffs failed to allege the existence of a duty owed specifically to

them), *rep. & rec. adopted*, 2024 WL 1367189 (S.D.N.Y. Mar. 30, 2024); *SUEZ Water N.Y. Inc. v. E.I. du Pont de Nemours & Co.*, 578 F. Supp. 3d 511, 554 (S.D.N.Y. 2022) (same). Sherman's negligence and negligent infliction of emotional distress claims are, therefore, dismissed.

### C. Intentional Infliction of Emotional Distress

Sherman asserts a cause of action for intentional infliction of emotional distress. *See* Am. Compl. ¶¶ 45–50. Under New York law, such a claim requires a showing of "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress." *Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1238 (S.D.N.Y. 1994) (quoting *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993)). "Commencement of litigation, even if alleged to be for the purpose of harassment and intimidation, is insufficient to support such a claim." *Chord Assocs., LLC v. Protech 2003-D, LLC*, No. 07 Civ. 5138, 2011 WL 13302692, at *10 (E.D.N.Y. Mar. 30, 2011) (citation omitted). "Even aggressive litigation intended to 'malign, harass[,] and intimidate [a] plaintiff' does not constitute 'outrageous' conduct." *Id.* (quoting *Fischer v. Maloney*, 373 N.E.2d 1215, 1217 (N.Y. 1978)).

Sherman alleges that "Defendants engaged in extreme and outrageous conduct by falsely accusing [him] of rape and other heinous crimes." Am. Compl. ¶ 47. Because Defendants' commencement of the First Action "is insufficient to support" Sherman's claim for intentional infliction of emotional distress, the claim is dismissed. *Chord Assocs.*, 2011 WL 13302692, at *10 (citation omitted).

D.  Vexatious Litigation

Sherman's next claim is for vexatious litigation. He alleges that Defendants initiated the First Action "with malicious intent, knowing the allegations were baseless and without probable cause," and that "Defendants engaged in this litigation with the intent to harass and coerce [Sherman] into providing favorable testimony against a third party, Sean Combs."  Am. Compl. ¶¶ 57–58. This vexatious litigation claim fails because, as Sherman concedes, "no such claim exists under New York law." *Chord Assocs., LLC v. Protech 2003-D, LLC*, No. 07 Civ. 5138, 2010 WL 3780380, at *1 (E.D.N.Y. Sept. 21, 2010); MTD Opp. at 6–7. The claim, therefore, is dismissed.

E.  Abuse of Process

Next, Sherman brings a cause of action for abuse of process. Am. Compl. ¶¶ 61–65. To prevail on such a claim under New York law, "the claimant must establish that the defendant (1) used a regularly issued process, either civil or criminal, (2) had an intent to do harm without excuse or justification, and (3) used the process in a perverted manner to obtain a collateral objective." *Asia TV USA, Ltd. v. Total Cable USA LLC*, No. 16 Civ. 6873, 2018 WL 1626165, at *4 (S.D.N.Y. Mar. 29, 2018) (quoting *Curiano v. Suozzi*, 469 N.E.2d 1324, 1326 (N.Y. 1984)).

Sherman alleges that Defendants filed the First Action "to exert pressure on [him] to cooperate in litigation against a third party," and that "use of process in this manner constitutes an abuse of process." Am. Compl. ¶¶ 62–63. The institution of a civil action, however "is not legally considered process capable of being abused." *Asia TV*, 2018 WL 1626165, at *4 (quoting *Curiano*, 469 N.E.2d at 1326). And, "[a] malicious motive in bringing an action is not on its own the basis for an abuse of process claim." *Id*. Sherman's abuse of process claim is, therefore, dismissed.

9

F.  Malicious Prosecution

Finally, Sherman asserts a cause of action for malicious prosecution, alleging that "Defendants initiated and pursued [the First Action] against [him] without probable cause, [and] with full knowledge that the allegations were baseless." Am. Compl. ¶ 67.

"To establish a malicious prosecution claim under New York law, a plaintiff must show that a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Sherman's malicious prosecution claim fails because, as he concedes, the First Action is pending and has thus not terminated in his favor. MTD Opp. at 5; *see Smith v. City of New York*, No. 14 Civ. 4982, 2015 WL 4008642, at *3 (E.D.N.Y. June 30, 2015) (dismissing malicious prosecution claim as premature). This claim is, therefore, dismissed.

For the foregoing reasons, Sherman's complaint is dismissed.

II.    Motion for Sanctions

Graves moves for sanctions against Sherman and his counsel, Crosland, pursuant to Federal Rule of Civil Procedure 11(b)(2), 28 U.S.C. § 1927, and the Court's inherent power. Sanctions Mem. at 1.  She argues that sanctions are warranted because "any reasonable lawyer would know that the claims asserted in the [c]omplaint are all fundamentally flawed, or at the very least would discover those flaws after [a] reasonable inquiry." *Id*. at 15; *see also* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, . . . an attorney . . . certifies that . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."). The Court agrees.

Sherman does not dispute that, on November 13, 2024, Graves' counsel served Crosland with a letter (the "Rule 11 Letter") pursuant to Rule 11's safe harbor provision, which requires the subject of a sanctions motion to be served with the motion at least twenty-one days before the motion is presented to the court. *See* Fed. R. Civ. P. 11(c)(2); Sanctions Mem. at 7; Rule 11 Letter, ECF No. 4-1. The Rule 11 Letter explains why each of Sherman's seven claims are without merit. *See generally* Rule 11 Letter. For example, it states that the defamation claim is meritless "because Defendants are protected by an absolute litigation privilege;" that the intentional infliction of emotional distress claim is "fundamentally and facially defective" because commencement of litigation is insufficient to state such a claim; that the malicious prosecution claim fails because the First Action is ongoing; and that no cause of action for vexatious litigation exists under New York law. Rule 11 Letter at 16–20.

Crosland did not respond to the Rule 11 letter. Sanctions Mem. at 7. Instead, he pressed forward: On December 6, 2024, Sherman filed an amended complaint that dismissed other defendants from this action but left his claims intact. *See generally* Am. Compl. On January 13, 2025, more than twenty-one days after serving the Rule 11 letter on Crosland, Defendants moved for sanctions. Sanctions Mem.

Crosland has violated Rule 11. The complaint asserts at least five patently frivolous claims. As discussed above, the defamation claim is barred by an absolute privilege, the intentional infliction of emotional distress and abuse of process claims are premised upon conduct that does not support such claims, the vexatious litigation claim is not recognized under New York law, and the malicious prosecution claim is plainly premature. Because these claims are "unambiguously foreclose[d]" by existing caselaw, *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 460 (S.D.N.Y. 2023), it would have been "patently obvious to any attorney who had

11

familiarized himself with the law" that the claims had "absolutely no chance of success," *Sibanda v. Elison*, No. 23 Civ. 5752, 2024 WL 3835220, at *5 (S.D.N.Y. Aug. 14, 2024) (cleaned up) (citations omitted). And, despite being advised that the claims "w[ere] groundless," Crosland "decline[d] to withdraw" them. *Cameau*, 2018 WL 4853050, at *2 (citation omitted).

Accordingly, Crosland's propoundment of a complaint, "which contains frivolous claims that [the Court] summarily dismissed and no claims of such merit as to make [this] suit as a whole nonabusive," *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 226 (2d Cir. 2002), warrants the imposition of sanctions in the form of reasonable costs and attorneys' fees against Crosland pursuant to Rule 11(b)(2).[2] By **June 30, 2025**, Defendants shall submit proof of the costs and attorneys' fees they have incurred in opposing this action, including but not limited to receipts, invoices, and contemporaneous time records.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.[4] Defendants' motion for sanctions pursuant to Rule 11(b)(2) is GRANTED to the extent Defendants seek,

---

[2] Because responsibility for the violation of Rule 11(b)(2) "is more properly placed solely on [Sherman's] attorney[]," Defendants' request for sanctions against Sherman is denied. *Gurary v. Winehouse*, 235 F.3d 792, 798 (2d Cir. 2000) (citation omitted).

[3] Because the Court imposes sanctions against Crosland under Rule 11, it does not reach the merits of sanctions under 28 U.S.C. § 1927 or the Court's inherent power.

[4] Sherman requests leave to amend his complaint. MTD Opp. at 7. "When a plaintiff does 'not advise the district court how the complaint's defects would be cured,'" it is "not an abuse of discretion" to deny leave to amend. *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018) (quoting *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006)). Here, Sherman "request[s] leave to amend in a cursory manner without any explanation for how [he] would be able to cure the complaint's defects." *Id.*; *see* MTD Opp. at 7. His request is especially improper because he had ample opportunity to file a second amended complaint. Indeed, he could have sought leave to amend within twenty-one days of receiving the Rule 11 letter, *see* Fed. R. Civ. P. 11(c)(2), or after the first exchange of pre-motion letters under this Court's Individual Practices in Civil Cases, *see* Rule III(B)(ii). Sherman's request for leave to amend is, therefore, denied.

against Crosland, reasonable costs and attorneys' fees incurred in their defense of this action and DENIED in all other respects.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 23 and 25.

SO ORDERED.

Dated: June 2, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge