UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────── x

JOSEPH SHERMAN,                                    Case No. 24 Civ. 8494 (AT)(VF)

        Plaintiff,

    -against-

THALIA GRAVES and GLORIA ALLRED,

        Defendants.
──────────────────────────────────────── x


# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO
# PLAINTIFF'S MOTION FOR RECONSIDERATION
# AND LEAVE TO FILE A SECOND AMENDED COMPLAINT


Dated: June 20, 2025          WANG HECKER LLP
      New York, New York        Mariann Meier Wang
                                          Heather Gregorio
                                          111 Broadway, Suite 1406
                                          New York, New York 10006
                                          Telephone:   (212) 620-2600
                                          Facsimile:   (212) 620-2610
                                          Email:   hgregorio@wanghecker.com

                                          ALLRED, MAROKO & GOLDBERG
                                          Gloria Allred
                                          111 Broadway, Suite 1406
                                          New York, New York 10006
                                          Telephone:   (212) 202-2966
                                          Email:   gallred@amglaw.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..ii

PRELIMINARY STATEMENT ........................................................................................ …1

STATEMENT OF FACTS AND PROCEDURAL HISTORY…………..………………………3

ARGUMENT ...........................................................................................................………...4

    I.        Legal Standards..................................................................................................4

    II.       The Court Should Strike the Dimanche Declaration ......................................................5

    III.     Plaintiff Has Not Demonstrated the Existence of Newly Discovered Evidence that Was Not Available ................................................................................................5

    IV.     Leave to Amend Would be Futile as Plaintiff Cannot Assert any New Claims ..........6

         a.   Plaintiff's Intentional Infliction of Emotional Distress Claim Fails as a Matter of Law and is Frivolous......................................................................6

         b.   Plaintiff's Abuse of Process Claim Fails as a Matter of Law and is Frivolous ..... 8

         c.   Plaintiff Has Not Alleged Any Defamatory Statements and any Defamation Claim is Frivolous...................................................................................9

    V.       Sanctions Were Appropriately Imposed ...................................................................9

CONCLUSION...................................................................................................... …………11

ATTORNEY CERTIFICATION………………………………...…………………………………12

# **TABLE OF AUTHORITIES**

**Cases**

*Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*,
    14 Civ. 9494, 2015 WL 9480080, (S.D.N.Y. Dec. 22, 2015) ...................................................... 5

*Asia TV USA, Ltd. v. Total Cable USA LLC*,
    16 Civ. 6873, 2018 WL 1626165 (S.D.N.Y. Mar. 29, 2018) ...................................................... 8

*Board of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers
    Ass'n, Inc.*
    38 N.Y.2d 397 (1975) .................................................................................................................. 8

*Chord Assocs., LLC v. Protech 2003-D, LLC*,
    07 Civ. 5138, 2011 WL 13302692 (E.D.N.Y. March 30, 2011) ................................................. 6

*Fischer v. Maloney*,
    43 N.Y. 2d 553 (1978) ................................................................................................................. 6

*Graves v. Combs*,
    24 Civ. 7201 (AT) (S.D.N.Y.) ............................................................................................ 1, 2, 5

*Gurary v. Nu-Tech Bio-Med, Inc.*,
    303 F. 3d 212 (2d Cir. 2002) ....................................................................................................... 4

*Kairam v. West Side GI, LLC*,
    18 Civ. 1005, 2024 WL 2853598 (S.D.N.Y. June 5, 2024) ......................................................... 5

*Kaye v. Trump*,
    58 A.D.3d 579 (1st Dep't 2009) .................................................................................................. 6

*Leontiev v. Varshavsky*,
    16 Civ. 3595, 2016 WL 4939080, (S.D.N.Y. Sept. 2, 2016) ....................................................... 7

*Mata v. Avianca, Inc.*,
    678 F. Supp. 3d 443 (S.D.N.Y. 2023) ......................................................................................... 4

*Mehrhoff v. William Floyd Union Free Sch. Dist.*,
    04 Civ. 3850, 2007 WL 4591741 (E.D.N.Y. Dec. 28, 2007) ...................................................... 9

*Parkin v. Cornell Univ., Inc.*,
    78 N.Y.2d 523 (1991) .................................................................................................................. 8

*Saleh v. United States*,
    12 Civ. 4598, 2013 WL 5439140 (S.D.N.Y. Sept. 27, 2013) ...................................................... 7

*Schansman v. Sberbank of Russia PJSC*,
  19 Civ. 2985, 2025 WL 1288670 (S.D.N.Y. May 5, 2025) ............................................................ 4

*Sibanda v. Elison*,
  23 Civ. 5752, 2024 WL 3835220 (S.D.N.Y. Aug. 14, 2024) ....................................................... 4

*System Mgmt. Arts Inc. v. Avesta Techs., Inc.*,
  106 F. Supp. 2d 519 (S.D.N.Y. 2000) ....................................................................................... 5

*Truman v. Brown*,
  434 F.Supp.3d 100 (S.D.N.Y. 2020) ......................................................................................... 7

*Walentas v. Johnes*,
  257 A.D.2d 352 (1st Dep't 1999) .............................................................................................. 6

**Rules**

Federal Rule of Civil Procedure 11 ..................................................................................... 3, 10

S.D.N.Y. Local Civil Rule 6.3 ................................................................................................ 4, 5

Defendants Thalia Graves ("Ms. Graves") and her attorney Gloria Allred respectfully submit this Memorandum of Law in opposition to Plaintiff Joseph Sherman's Motion for Reconsideration and Leave to File a Second Amended Complaint, ECF Doc. Nos. 44-45.

**PRELIMINARY STATEMENT**

In September 2024, Defendant Thalia Graves filed a lawsuit alleging that Plaintiff Joseph Sherman and Sean Combs had violently raped her in 2001. Rather than litigating his defenses in that lawsuit, which is ongoing, Sherman and his attorney Darnell Crosland instead filed the present retaliatory suit, packaging Sherman's factual defenses as affirmative legal claims that this Court held on June 2 were "utterly frivolous." ECF Doc. No. 43 ("June 2 Order"). Because Sherman and Crosland pressed forward with this baseless lawsuit despite Defendants notifying them over and over that the claims were fundamentally flawed, this Court not only dismissed this case but sanctioned Crosland, noting that "it would have been patently obvious to any attorney who had familiarized himself with the law" that his laundry list of baseless claims, including for defamation, abuse of process, and intentional infliction of emotional distress, had "absolutely no chance of success." June 2 Order, at 11-12 (internal quotations omitted).

Sherman and Crosland have now doubled down, filing an unauthorized declaration by Ms. Graves's ex-boyfriend Conrad Dimanche – whom she alleged in her underlying lawsuit discouraged her from disclosing the rape because he worried it could negatively impact his career with Combs – in which Dimanche states that Ms. Graves is lying about her underlying claims. *See Graves v. Combs*, 24 Civ. 7201 (AT) (S.D.N.Y.), ECF Doc. No. 47, at ¶ 39; ECF Doc. No. 45-1 ("Dimanche Affidavit"). Ms. Graves vigorously disputes

Dimanche's statements, but his credibility and motives – and hers – will be properly tested in discovery in *Graves v. Combs*. His declaration no more creates an affirmative legal claim against Ms. Graves than did the Instagram messages that Sherman filed with his original complaint. *See* ECF Doc. No. 1-1. This is all more of the same – purported evidence that Ms. Graves lied about the rape and pursued her case against Sherman for improper purposes. Leave to amend would be futile because Sherman's legal claims fail for the same reasons they failed before: those allegations simply do not give rise to any cognizable legal claims.

It remains the case that neither an intentional infliction of emotional distress ("IIED") claim nor an abuse of process claim can be premised upon commencement of civil litigation, no matter the motive, as Defendants have repeatedly informed Sherman throughout this litigation. Nor does Sherman point to any new allegedly defamatory statements – he merely speculates about media statements that could emerge in discovery and statements that Ms. Graves may have made to Dimanche in the past.

Crosland's half-hearted legal arguments in this new motion – supported by speculative factual assertions and a handful of scattered cites to mischaracterized case law – make clear that he knows there is no claim, and that this motion for reconsideration is yet another tactic to intimidate and harass Ms. Graves and force her attorneys to expend more resources on frivolous litigation, wasting the Court's time and resources further in the process.

Defendants respectfully submit that the Court should strike the Dimanche Declaration because it was filed in violation of local court rules and has not been shown to have been previously unavailable; deny Sherman's motion for reconsideration; and deny him leave to amend, as amendment would be futile for the reasons stated herein. Defendants also respectfully

request that the Court order Crosland to reimburse Defendants for the additional attorneys' fees they have incurred having to respond to this additional baseless motion.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendants assume the Court's familiarity with the underlying facts and incorporate in full the facts laid out in their Memorandum of Law in Support of their Motion to Dismiss the Complaint, ECF Doc. No. 24 at 2-7.

However, it bears noting that Sherman and Crosland have ignored the law and the Court's rules at every stage of this litigation. After the filing of this action, Defendants promptly served a Rule 11 letter and motion for sanctions, informing Crosland that none of the seven causes of action had any basis. ECF Doc. No. 4, Exhibit A. Crosland did not bother to respond to the Rule 11 letter. After Judge Woods *sua sponte* ordered Plaintiff to provide a basis for diversity jurisdiction, Sherman filed a notice of voluntary dismissal as to certain defendants, in an apparent attempt to cure jurisdictional defects. *See* ECF Doc. Nos. 6, 8, 9. Sherman than filed (late) a complaint nearly identical to his original complaint, re-asserting all seven of his flawed causes of action against Ms. Graves and Ms. Allred. ECF Doc. No 12. Defendants thereafter filed three pre-motion letters (one to Judge Woods, one directly to Crosland, and one to this Court in accordance with Your Honor's Rules), once again explaining why the legal claims all failed for fundamental reasons. *See* ECF Doc. Nos. 14, 19, 21. Sherman never bothered to respond to any of them.

After full briefing of the Motion to Dismiss and Motion for Sanctions, this Court dismissed the Amended Complaint on June 2, 2025, holding that "[t]he complaint asserts at least five patently frivolous claims." June 2 Order, at 11. The Court noted that the claims were "unambiguously foreclose[d] by existing caselaw" and had "absolutely no chance of success."

*Id.* at 11-12 (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 460 (S.D.N.Y. 2023) and *Sibanda v. Elison*, No. 23 Civ. 5752, 2024 WL 3835220, at *5 (S.D.N.Y. Aug. 14, 2024)). The Court concluded that "Crosland's propoundment of a complaint, 'which contains frivolous claims that [the Court] summarily dismissed and no claims of such merit as to make [this] suit as a whole nonabusive, warrants the imposition of sanctions in the form of reasonable costs and attorneys' fees against Crosland pursuant to Rule 11(b)(2)." *Id.* at 12 (quoting *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F. 3d 212, 226 (2d Cir. 2002)).

Sherman and Crosland now flout the Court's authority yet again. Pursuant to S.D.N.Y. Local Civil Rule 6.3, "No party is to file an affidavit unless directed by the court" in connection with a Motion for Reconsideration. Ignoring this rule, they now file their baseless motion along with an improper declaration that they assert without any basis was previously unavailable to them.

**ARGUMENT**

**I.     Legal Standards**

"The standard for granting a motion for reconsideration is strict, and therefore such a motion is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Schansman v. Sberbank of Russia PJSC*, 19 Civ. 2985, 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (internal quotations omitted). A party "may not advance new facts, issues or arguments not previously presented to the Court on a motion for reconsideration." *Id.* (internal quotation omitted).

"'New evidence' for the purpose of a motion for reconsideration is evidence that was 'unavailable to the movant when the Court made its previous ruling and could not have been

4

found by due diligence." *Kairam v. West Side GI, LLC*, 18 Civ. 1005, 2024 WL 2853598, at *2 (S.D.N.Y. June 5, 2024) (quoting *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, No. 14 Civ. 9494, 2015 WL 9480080, at *2 (S.D.N.Y. Dec. 22, 2015)).

## II. The Court Should Strike the Dimanche Declaration

As noted, Local Rule 6.3 "prohibits submission of affidavits or declarations in connection with a motion for reconsideration absent permission by the Court." *System Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000) (striking unauthorized declaration submitted without permission). This is because "[a] motion for reconsideration is not the proper avenue for the submission of new material" so "[s]uch material should be stricken and disregarded." *Id.* Crosland has not indicated that the Court has granted him permission to file the Declaration; as such, he is in violation of Rule 6.3 and the Court should strike the Declaration.

## III. Plaintiff Has Not Demonstrated the Existence of Newly Discovered Evidence that Was Not Available

Plaintiff refers to Dimanche's declaration as "[n]ewly discovered evidence" that was "unavailable at the time of the Court's decision." Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration and Leave to File Second Amended Complaint, ECF Doc. No. 45 ("Pl. Recon. Br.") at 1. But nowhere in his brief or in the Dimanche Declaration is there any explanation of why Sherman could not have obtained a declaration from Dimanche previously. The Declaration refers to conversations that purportedly occurred in 2023. Dimanche Affidavit at ¶ 9. Dimanche apparently spoke to reporters as early as October 2024, and Combs' defense counsel has referred to Dimanche's media statements throughout *Graves v. Combs*. *See, e.g.*, *Graves v. Combs*, 24 Civ. 7201 (S.D.N.Y.) (AT), ECF Doc. No. 40, at 2 n.1; Doc, No. 49, at 1 n.1. Crosland represents Sherman in that case as well

5

and has seen all of the relevant letters and briefs. In light of all of this, Sherman has not provided any explanation at all – let alone an adequate one – as to why he could not have obtained the Declaration prior to filing his lawsuit. The Declaration is thus doubly improper: It violates Rule 6.3, and there is no explanation provided as to why it was previously unavailable.

## IV. Leave to Amend Would be Futile as Plaintiff Cannot Assert any New Claims

Even if the Court considers Dimanche's Declaration, it does nothing to revive or create any colorable legal claim against Ms. Graves or Ms. Allred. Sherman merely seeks to re-assert three of the claims that the Court previously called "patently frivolous." They are no less patently frivolous now. June 2 Order, at 11.

### a. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails as a Matter of Law and is Frivolous

As Defendants have repeatedly informed Sherman and Crosland, "[c]ommencement of litigation, even if alleged to be for the purpose of harassment and intimidation, is insufficient to support . . . a claim" for intentional infliction of emotional distress. Even aggressive litigation intended to 'malign, harass and intimidate plaintiff' does not constitute 'outrageous' conduct." *Chord Assocs., LLC v. Protech 2003-D, LLC*, 07 Civ. 5138, 2011 WL 13302692, at *10 (E.D.N.Y. March 30, 2011) (quoting *Walentas v. Johnes*, 257 A.D.2d 352, 353 (1st Dep't 1999) and *Fischer v. Maloney*, 43 N.Y. 2d 553, 557 (1978)). *See also Kaye v. Trump*, 58 A.D.3d 579, 579 (1st Dep't 2009) ("many of the alleged statements and actions occurred in the context of adversarial litigation and therefore cannot provide a foundation for the [IIED] claim").

Plaintiff argues that "Ms. Graves' attempt to bribe Mr. Dimanche to provide false testimony, coupled with her knowingly false allegations, constitutes extreme and outrageous conduct intended to cause severe emotional distress." Pl. Recon. Br. at 5. He does not cite a

6

single case to support his conclusion, instead citing two cases that *rejected* IIED claims. Crosland continues his pattern in this litigation of mischaracterizing case law, citing *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293 (1983) for the proposition that "Courts have recognized that maliciously false accusations can support IIED claims when combined with egregious conduct." *Id. Murphy* says no such thing, merely holding that the facts of that case, in which the plaintiff alleged he was improperly fired in a humiliating manner for having disclosed illegal activities, "fall far short" of the "strict standard" for an IIED claim. *Id.* at 303.

Courts have rejected IIED claims based on far more egregious conduct than what Sherman accuses Ms. Graves of here – *i.e.*, admitting she was going to make false rape allegations and attempting to "bribe" Dimanche to corroborate them. *See Leontiev v. Varshavsky*, 16 Civ. 3595, 2016 WL 4939080, at *3-4 (S.D.N.Y. Sept. 2, 2016) (dismissing IIED claim based on allegations that defendant sought to coerce payment on an alleged debt through threats of criminal prosecution and bribery, noting that it is extremely rare that an IIED claim has been sustained without threats of physical violence); *see also Saleh v. United States*, 12 Civ. 4598, 2013 WL 5439140, at *11 (S.D.N.Y. Sept. 27, 2013), *aff'd* 580 Fed. App'x 22 (2d Cir. 2014) (dismissing IIED claim based on allegations that government agents sought to coerce plaintiff into cooperating with the FBI in arresting a relative, denied him permanent resident status in retaliation for his refusal, conspired to have a woman threaten to file rape charges against him, and threatened to kill him); *Truman v. Brown*, 434 F.Supp.3d 100, 119 (S.D.N.Y. 2020) ("Even assuming this accusation was false, false accusations of criminal conduct, or conduct that society deems reprehensible, do not inherently establish IIED."). Plaintiff thus utterly fails to assert a colorable IIED claim.

### b. Plaintiff's Abuse of Process Claim Fails as a Matter of Law and is Frivolous

Sherman likewise still has not asserted any abuse of process claim against Ms. Graves or Ms. Allred. As this Court noted in its June 2 decision, such a claim requires a showing that the defendant "(1) used a regularly issued process, either civil or criminal, (2) had an intent to do harm without excuse or justification, and (3) used the process in a perverted manner to obtain a collateral objective." June 2 Order, at 9 (quoting *Asia TV USA, Ltd. v. Total Cable USA LLC*, 16 Civ. 6873, 2018 WL 1626165, at *4 (S.D.N.Y. Mar. 29, 2018)). Moreover, "[t]he institution of a civil action . . . 'is not legally considered process capable of being abused," and "[a] malicious motive in bringing an action is not on its own the basis for an abuse of process claim." *Id.*

Sherman has yet to point to any "regularly issued process" other than the filing of Ms. Graves's civil action, which cannot support an abuse of process claim. He argues that "*[s]ubsequent* actions like suborning perjury can constitute abuse of process," Pl. Recon. Br. at 6 (emphasis added) but the only action he points to other than the filing of the complaint is conversations that Ms. Graves allegedly had with Dimanche before she filed her case. Dimanche Affidavit at 9-12. Nor do the two cases he cites support his claim. As we already informed Sherman in our prior briefing, *Board of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc.* 38 N.Y.2d 397 (1975) involved the issuance of 87 subpoenas in connection with a hearing, not the initiation of civil legal proceedings. *See id.* at 399-400. And *Parkin v. Cornell Univ., Inc.*, 78 N.Y.2d 523 (1991) involved employees who were arrested and criminally charged to punish them for union activities. Neither case is in any way on point.

8

### c. Plaintiff Has Not Alleged Any Defamatory Statements and any Defamation Claim is Frivolous

Plaintiff acknowledges that the Court dismissed his defamation claim for lack of specificity, among other reasons. Pl. Recon. Br., at 6. Inexplicably, he proceeds to argue that he has a viable defamation claim because the Dimanche Declaration "suggests" such statements may have been made. First, he argues that while "the Declaration does not specify media statements," Ms. Graves's allegedly expressed concern that she *did not want* there to be media coverage of the situation somehow "suggests she has made public statements." *Id.*; *see also* Dimanche Affidavit, at ¶ 10. This is nonsensical. Sherman makes an equally vague argument that the Declaration "suggests" that Ms. Graves made false statements to Dimanche that she later admitted were lies. Sherman has not come close to alleging any defamatory statement with the required specificity. *See* June 2 Order, at 6 (defamation claim must provide the substance of the alleged defamatory comments, along with when they were made and to whom they were communicated) (quoting *Mehrhoff v. William Floyd Union Free Sch. Dist.*, 04 Civ. 3850, 2007 WL 4591741, at *5 (E.D.N.Y. Dec. 28, 2007)). In short, Sherman has yet to point to a single non-privileged, specified statement that could form the basis for a defamation claim.

### V.    Sanctions Were Appropriately Imposed

Sherman and Crosland offer no excuse for having pressed forward with baseless legal claims after being notified many times that they could not succeed for fundamental reasons. Crosland seeks to deflect on this point, stating that he "conducted a diligent pre-filing investigation" including witness interviews and reviewing the Instagram Messages that were filed with the Amended Complaint, stating that the Instagram Messages "coupled with Mr. Dimanche's testimony, supported a good-faith belief that Ms. Graves' allegations were false and motivated by improper purposes." Pl. Recon. Br. at 7. Setting aside the fact that Crosland

9

appears to be arguing both that Dimanche's testimony was not available at the time of filing and somehow also that Dimanche's testimony supported the pre-filing investigation, nothing about this "investigation" indicates any basis for an affirmative legal claim. Crosland provides no justification for pressing forward with those claims after Defendants notified him in a Rule 11 letter and motion, in *five* subsequent letters, *see* Doc. Nos. 4, 14, 19, 21, and letter sent directly to Crosland on December 12, 2024, and in motion briefing, that his legal claims were missing basic elements and in one case did not even exist.

        The present motion is yet another example of Sherman and Crosland flouting the Court's rules and authority and attempting to create affirmative legal claims out of purported factual defenses, when such claims are unequivocally foreclosed by the case law. The Court should uphold the earlier sanctions decision and order additional sanctions imposed for the filing of this additional frivolous motion. Crosland was unequivocally on notice that there remains no basis for an IIED, abuse of process, or defamation claim, because these claims fail under blackletter law for the same reasons they failed before; thus the arguments in Defendants' prior letters and briefing – as well as the Court's June 2 decision – all put him on notice of these ongoing deficiencies.[1]

---

[1] It is unclear from Sherman's motion whether he is attempting to pursue new claims against Ms. Graves' attorney Gloria Allred, as no claims against her are mentioned in the motion for reconsideration. Vague allusions to Ms. Graves's prior attorneys from November 2023, *see* Pl. Recon. Br. at 4 – months before Ms. Allred was retained, *see* ECF Doc. No. 24, at 6 n.3 – obviously do not support any claim against Ms. Allred. But to the extent Sherman seeks to advance any new claims against Ms. Allred, such claims fail for all of the reasons noted above.

## CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's motion for reconsideration in its entirety and should order Crosland to reimburse Defendants for the additional fees they have incurred responding to yet another baseless and frivolous motion.

Dated: New York, New York
June 20, 2025

                                        WANG HECKER LLP

                                        By: /s/ Mariann Meier Wang
                                        Mariann Meier Wang
                                        Heather Gregorio
                                        111 Broadway, Suite 1406
                                        New York, New York 10006
                                        (212) 620-2603

                                        ALLRED MAROKO & GOLDBERG
                                        Gloria Allred
                                        111 Broadway, Suite 1406
                                        New York, New York 10006
                                        (212) 202-2966

                                        *Attorneys for Defendants*

**ATTORNEY CERTIFICATION PURSUANT TO RULE III(D) OF THE COURT'S INDIVIDUAL RULES IN CIVIL CASES**

I, Heather Gregorio, an attorney duly admitted to practice law before the courts of the Southern District of New York, hereby certify that this memorandum of law complies with the word count limit set forth in Rule III(D) of the Court's Individual Rules in Civil Cases because it contains **3,117** not including the parts of the memorandum excluded under the Rule. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum.

Dated:  June 20, 2025
         New York, New York

                                          /s/  Heather Gregorio
                                          Heather Gregorio