UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SHERMAN,

              Plaintiff,

-against-

THALIA GRAVES and GLORIA ALLRED,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/12/2026

24 Civ. 8494 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      By order dated June 2, 2025, the Court dismissed with prejudice the complaint filed by Plaintiff, Joseph Sherman, against Defendants, Thalia Graves and Gloria Allred. *Sherman v. Graves*, No. 24 Civ. 8494, 2025 WL 1558476, at *7 (S.D.N.Y. June 2, 2025); Order at 12–13, ECF No. 43. The Court also granted Defendants' motion for sanctions under Rule 11(b)(2). *Sherman*, 2025 WL 1558476 at *5–6.

      Before the Court is Sherman's motion for reconsideration of the Court's Order under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. Mot., ECF No. 44; Mem., ECF No. 45; Opp., ECF No. 46. Sherman argues that the Court should reconsider its Order, vacate its imposition of sanctions, and grant him leave to amend his second amended complaint based on a declaration that he claims was unavailable at the time of the Court's Order. *See* Mot. at 1; Mem. at 4; Decl., ECF No. 45-1. For the reasons stated below, the Court denies Sherman's motion for reconsideration and strikes the declaration at ECF No. 45-1 from the record.

## LEGAL STANDARD

      It is "well-settled" that litigants may not use a motion for reconsideration filed under Rule 59(e) as a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc.*

*v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked."  *Id.* (citation omitted); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (explaining that reconsideration should be granted "only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992))).

Local Civil Rule 6.3 of the Southern District of New York also provides that on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court."  "When a party improperly submits an affidavit on a motion for reconsideration, the appropriate remedy is to strike the affidavit and disregard it."  *Fidelity Information Services, Inc. v. Debtdomain GLMS PTE Ltd.*, No. 09 Civ. 7589, 2010 WL 3469910, at * 1 (S.D.N.Y. Aug. 24, 2010) (quoting *Ralph Oldsmobile Inc. v. General Motors Corp.*, No. 99 Civ. 4567, 2001 WL 55729, at *2 (S.D.N.Y. Jan. 23, 2001)); *see also Wells Fargo Sec., LLC v. LJM Inv. Fund, L.P.*, No. 18 Civ. 2020, 2019 WL 3553290, at *3 n.2 (S.D.N.Y. Aug. 5, 2019) (explaining that Local Rule 6.3 also applies to declarations).

Federal Rule of Civil Procedure 15 instructs the Court to freely grant leave to amend a complaint.  Fed R. Civ. P. 15(a)(2).  However, it is within the "sound discretion of the district court to grant or deny leave to amend" for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007).

"An attorney may be subject to sanctions under Rule 11 for presenting frivolous claims in

2

a pleading." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (citing Fed. R. Civ. P. 11(b)(2) and (c)). "The operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)).

## ANALYSIS[1]

### I. Motion in General

The basis of Sherman's motion for reconsideration is the existence of "new evidence unavailable at the time of the Court's Order." Mem. at 4. The purportedly new evidence is a declaration from Conrad Dimanche, Defendant Graves's ex-boyfriend, alleging that Graves told Dimanche in 2023 that her accusations against Sherman were false. *See* Mem at 4–5.

First, the Court strikes Dimanche's declaration at ECF No. 45-1 from the record. Local Rule 6.3 prohibits the filing of a declaration in connection with a motion for reconsideration absent authorization of the Court. "A motion for reconsideration is not the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.* Because the Court did not authorize Sherman to file the declaration, the declaration is stricken. *See Fidelity Information Services*, 2010 WL 3469910, at * 1.

Second, this purportedly new evidence is not a valid basis for a motion for reconsideration.

---

[1] The Court presumes familiarity with the facts alleged in the amended complaint, *see* Am. Compl., ECF No. 12, and the reasoning supporting the dismissal and sanctions order, *see Sherman*, 2025 WL 1558476. Therefore, the Court does not repeat facts here other than as necessary.

Because reconsideration of a court's order is an "extraordinary remedy," a motion for reconsideration may only be granted in limited circumstances. *JLM Couture, Inc. v. Gutman*, No. 20 Civ. 10575, 2023 WL 3061924, at *1 (S.D.N.Y. Apr. 24, 2023) (citation omitted). "Although the availability of new evidence is one basis on which a motion for reconsideration may be granted," the new evidence must have been "unavailable to the movant when the Court made its previous ruling and could not have been found by due diligence." *Id.* at *2 (internal quotations and citation omitted). Sherman never explains why he could not have obtained Dimanche's declaration earlier. As an ex-boyfriend of Thalia Graves and an employee of Bad Boy Records from 1998 to 2007, Dimanche was known to the parties. *See* Mem. at 4. The new evidence pertains to a conversation from 2023—well before the first amended complaint and Court's dismissal order were filed in December 2024 and June 2025, respectively. *See* Mem. at 4; Am. Compl; Order. Dimanche also spoke to the media about this conversation as early as October 2024, and Combs's defense counsel referred to these media statements in *Graves v. Combs*, where Sherman is a party with the same counsel. *See Graves v. Combs*, 24 Civ. 7201 (S.D.N.Y.), ECF Nos. 40 at 2 n.1, 49 at 1 n.1. Accordingly, the declaration does not provide proper support Sherman's motion for reconsideration of the Court's order.

To the extent that Sherman separately argues that the Court overlooked controlling decisions in denying him leave to amend or in sanctioning his attorney under Rule 11 for bringing patently frivolous claims, *see* Mem. 6–10, the Court considers each issue in turn.

II.     Denial of Leave to Amend

Sherman does not identify any controlling decisions that the Court overlooked in denying him leave to amend. The Court may deny leave to amend when a plaintiff does not advise the court how the complaint's defects would be cured, or when a plaintiff files a motion to amend after

4

the deadline for amendment specified in the scheduling order has passed. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); *see also* Scheduling Order, ECF No. 40; Fed. R. Civ. P. 16(b)(3)–(4). Sherman had multiple opportunities to amend his complaint after being notified of its deficiencies, but he failed to do so or propose any amendments. *See Sherman*, 2025 WL 1558476, at *7 n.4. Sherman never, for example, filed any document identifying the changes he proposes to include in his second amended complaint. *See* Individual Practices in Civil Cases, Rule III(H). Even now, the only proposed amendment Sherman offers is a declaration that was improperly submitted, that was available when the Court considered Defendants' motion to dismiss, and that does not address the core deficiencies in his claims. The declaration—"purported evidence that Ms. Graves lied about the rape and pursued her case against Sherman for improper purposes"—"no more creates an affirmative legal claim . . . than did the Instagram messages that Sherman filed with his original complaint." Opp. at 2; *see Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile."). Thus, reconsideration of the denial of leave to amend is not warranted.

    III.    <u>Sanctions</u>

The Court also held that five of Sherman's claims were "patently frivolous" and were accordingly sanctionable. *Sherman*, 2025 WL 1558476, at *6. First, Sherman's counsel, Crosland, argues that "the claims are demonstrably not frivolous, as evidenced by the newly obtained [s]worn [d]eclaration." Mem. at 7. However, for the reasons previously explained, this evidence does not provide a valid basis for a motion for reconsideration.

Second, Crosland argues that the Court's sanctions decision against him should be reconsidered because he sought "to extend, modify, reverse, or establish new law, particularly in

5

cases addressing significant injustices." *Id.* at 8. He argues that the "legal system must encourage attorneys to represent clients like Mr. Sherman who face severe reputational and emotional harm from false accusations." *Id.* at 9. The Court appreciates Sherman's concern for those wrongfully accused of serious offenses. However, Sherman can defend himself against any accusations he believes are false in the separate action against him. He can present affirmative defenses, as well as evidence from Dimanche, in that action. His concerns do not demonstrate that his complaint presented nonfrivolous legal claims.

Crosland also argues that the abuse of process claim is not patently frivolous. *See* Mem. at 6. The operative complaint in this case alleges that Defendants abused process by "filing a baseless lawsuit." Am. Compl. ¶ 63; *see also* Mem. at 6 ("Ms. Graves' filing of a false lawsuit . . . constitute[s] abuse of the legal process for an improper purpose."). But under settled New York law, the "mere 'institution of a civil action by summons and complaint is not legally considered process capable of being abused.'" *Manhattan Enter. Grp. LLC v. Higgins*, 816 F. App'x 512, 514 (2d Cir. 2020) (quoting *Curiano v. Suozzi*, 63 N.Y. 2d 113, 116 (1984)). Thus, "the commencement of a civil action cannot, by itself, support a plaintiff's claim for abuse of process." *Id.*; *see also PSI Metals, Inc. v. Firemen's Ins. Co. of Newark*, 839 F.2d 42, 43 (2d Cir. 1988) (concluding that under New York law, "there could be no abuse of process claim where the only process employed by the defendant was the filing of an answer and counterclaim"). Even if "improper conduct *after* issuance of process" could sustain an abuse of process claim, *Parkin v. Cornell Univ., Inc.*, 78 N.Y.2d 523, 530 (1991), the complaint never alleges improper conduct after the filing of the lawsuit, *see generally* Am. Compl. The abuse of process claim was therefore "unambiguously foreclose[d]" by existing precedent and, thus, frivolous. *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 460 (S.D.N.Y. 2023).

Similarly, "it is well established that under New York law, the commencement of litigation, whether civil or criminal, cannot form the basis for an [intentional infliction of emotional distress ('IIED')] claim." *Franco v. Diaz*, 51 F. Supp. 3d 235, 243 (E.D.N.Y 2014); *see Chord Assocs., LLC v. Protech 2003-D, LLC*, No. 07 Civ. 5138, 2011 WL 13302692, at *10 (E.D.N.Y. Mar. 30, 2011); *Yalkowsky v. Cent. Apartments Associates*, 626 N.Y.S.2d 181, 183 (N.Y. App. Div. 1st Dept. 1995) (holding that an IIED claim "based upon allegations involving statements and actions in the context of adversarial litigation must be dismissed"). Crosland does not identify any "controlling decisions" the Court overlooked in determining that the IIED claim was patently frivolous. *JLM Couture, Inc.*, 2023 WL 3061924, at *1 (citation omitted).[2]

Crosland does not address the other legal claims the Court found patently frivolous. *See Sherman*, 2025 WL 1558476, at *6 ("As discussed above, the defamation claim is barred by an absolute privilege, the intentional infliction of emotional distress and abuse of process claims are premised upon conduct that does not support such claims, the vexatious litigation claim is not recognized under New York law, and the malicious prosecution claim is plainly premature."); *see also* Mem. at 8 (mentioning only the IIED and abuse of process claims). The Court also notes that Crosland moved forward with all of his claims after "Defendants notified him in a Rule 11 letter and motion, in *five* subsequent letters, . . . [a] letter sent directly to Crosland . . . , and [] motion briefing, that his legal claims were missing basic elements and in one case did not even exist." Opp. at 10. Ultimately, nothing in Crosland's motion persuades the Court that it overlooked any controlling decision or existing facts in holding that it would be "patently obvious to any attorney

---

[2] Crosland cites a New York Court of Appeals case for the proposition that "Courts have recognized that maliciously false accusations can support IIED claims when combined with egregious conduct." Mem. at 5 (citing *Murphy v. Am. Home Products Corp.*, 58 N.Y. 2d 293, 303 (1983). But this mischaracterizes *Murphy*, which stated nothing about false accusations and egregious conduct. *See Murphy*, 58 N.Y. 2d at 303. Rather, *Murphy*, in analyzing an IIED claim brought by a plaintiff who was allegedly fired in a humiliating manner for disclosing illegal activities, emphasized the "strict standard" for IIED claims that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious." *Id.* (citation omitted).

7

who had familiarized himself with the law" that the claims included in Sherman's complaint had "absolutely no chance of success." *Sherman*, 2025 WL 1558476, at *6 (quoting *Sibanda v. Elison*, No. 23 Civ. 5752, 2024 WL 3835220, at *5 (S.D.N.Y. Aug. 14, 2024)).

## CONCLUSION

For the reasons stated above, Sherman's motion for reconsideration is DENIED, and the declaration at ECF No. 45-1 is stricken from the record.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 44.

SO ORDERED.

Dated: January 12, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

8